UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY BROWN,

                Plaintiff,

     -against-

THE PRECINCT OF BROOKLYN; NEW
YORK CITY,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
11-CV-6304 (CBA)(CLP)

**AMON, Chief Judge**:

      Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that during his arrest on May 27, 2008 in Brooklyn, the arresting officers used excessive force causing him injuries and that he was refused medical treatment for five days. By Order dated December 22, 2011, the action, dated on December 6, 2011, was transferred from the United States District Court for the Southern District of New York to this Court. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his claims against "the precinct of Brooklyn" and New York City are dismissed. Plaintiff is afforded thirty days to show cause why the action should not be dismissed as time-barred and to file an amended complaint adding proper defendants as set forth below.

## Background

      Plaintiff alleges that he was arrested in Brooklyn on May 27, 2008. Complaint at ¶ II.C. He does not provide an address or time of day, but states that he was "walking toward [his] apartment [when he was] stopp[ed] and approached by law enforcement while on the street." Complaint at ¶ II.B. He was "physically abused," handcuffed, placed in a squad car and sprayed in the face with a substance he does not identify. Complaint at ¶ III.D & Attachment, Part 2 of 2.

1

He says that his injuries included: damage to his eyes and lips; scars on his face, back and arms; a knot on his head; lower back pain; a damaged ankle; cuts on his wrist; and, a bloody nose. Complaint at ¶ III. Plaintiff states that while held at the precinct, he was not given medical treatment for five days. *Id.* Plaintiff filed a complaint with the Civilian Complaint Review Board that was "dismissed after two years." *Id.* at ¶ IV.E.2.

## Standard of Review

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." In reviewing plaintiff's complaint, the Court is mindful that, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); see Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Discussion

### A. Dismissal of Improper Defendants

Plaintiff files this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. §1983, "the conduct complained of must have been committed by a person acting under color of state law," and "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

#### *1. § 1983 Claims Against the Precinct Are Dismissed*

With respect to plaintiff's claims against "the precinct of Brooklyn," they must be dismissed because a precinct, as a division of the New York City Police Department, is an organizational subdivision of the City of New York. As such, it lacks independent legal existence and is therefore not a suable entity. *Flemming v. New York City*, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (NYPD 46th Precinct) (citing *Dove v. Fordham Univ*, 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)). 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A.

#### *2. § 1983 Claims Against the City of New York Are Dismissed*

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom, and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658

(1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Here, Plaintiff does not allege, and nothing in his Complaint suggests, that any of the allegedly wrongful acts were attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the City of New York. Plaintiff's § 1983 claims against the City of New York are thus dismissed for failure to state a claim on which relief may be granted.

## B. The Statute of Limitations

It also appears that this action is time-barred, since the alleged constitutional violations occurred on or around May 27, 2008, and plaintiff filed this action on December 6, 2011, well beyond the three year statute of limitations applicable to 42 U.S.C. § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Owens v. Okure*, 488 U.S. 235, 251 (1989). However, "[u]nder the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003). Typically, the statute of limitations is equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. *See Pearl v. City of Long Beach*, 296 F.3d 76, 82-83 (2d Cir. 2002) (discussing the New York state courts' application of equitable estoppel and the federal courts' use of equitable tolling and equitable estoppel). Here, plaintiff has currently alleged no basis for equitable tolling, therefore his action appears to be time-barred. Accordingly, if plaintiff decides to amend

4

his complaint to add proper defendants, as discussed below, he is directed to show cause within thirty days of the date of this Order why this action should not be dismissed as time-barred. *Abbas v. Dixon*, 480 F.3d 636, 641-42 (2d Cir. 2007).

## C. Leave to Amend

As outlined above, both of the defendants that plaintiff has currently named in this action are improper and must be dismissed. Thus, if plaintiff can show that his complaint is timely, he must also amend his complaint to identify the individual police officers who were involved in his arrest on May 27, 2008, and who held him in custody at the precinct and deprived him of medical treatment. If plaintiff cannot identify a defendant by name, he should identify each individual as "John or Jane Doe #1" *et cetera* and provide a physical description and any other identifying information, such as the precinct or facility at which she or he works. Plaintiff must also provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about, and whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). In pleading these facts, plaintiff should specify what each individual defendant did or failed to do. Plaintiff is reminded that it is important to link the defendants named in the caption to the events described in the body of the amended complaint.

## Conclusion

Accordingly, plaintiff's complaint against defendants New York City and the Precinct of Brooklyn is dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A. No summons shall issue at this time.

Plaintiff shall have **thirty (30) days** to show cause why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. If plaintiff is able to make such a showing, he must also file an amended complaint setting forth his claims against proper defendants. The amended complaint must be submitted within **thirty (30) days** of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint.

All further proceedings shall be stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply within the time allowed or to show good cause why he cannot comply, the complaint will be dismissed as time-barred and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
March 12, 2012