FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 0 6 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEFFREY BROWN,

                  Plaintiff,

   - against -

THE PRECINCT OF BROOKYLN; NEW
YORK CITY,

                Defendants.
-------------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
11-CV-06304 (CBA) (CLP)

AMON, Chief United States District Judge.

      Plaintiff Jeffrey Brown, currently incarcerated, filed this pro se action on December 9,

2011 pursuant to 42 U.S.C. § 1983 alleging that during his arrest on May 27, 2008, the arresting

officers used excessive force causing him injuries and that he was refused medical treatment for

five days. By Order dated March 12, 2012, the Court dismissed Brown's claims against "the

precinct of Brooklyn" and New York City as against improper defendants and noted that his

claims also appeared to be time-barred under the three-year statute of limitations applicable to 42

U.S.C. § 1983 actions in New York. See Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997).

Nevertheless, the Order afforded Brown thirty days to show cause why the action should not be

dismissed as time-barred, and, in the event that he was able to make this demonstration, directed

him to file an amended complaint against proper defendants. The Order further stated that if

Brown failed to comply within the time allowed, or to show good cause why he could not

comply, the Court would dismiss the complaint as time-barred. (DE #6.) Brown did not respond

within the allotted time. Accordingly, on April 30, 2012, the Court dismissed the complaint as

time-barred. (DE #7.)

1

On August 1, 2012, Brown submitted documents that, to the extent comprehensible, ask the Court for "some possibility of consideration . . . of reopening plaintiff['s] case." In addition, they appear to request that the Court forward to him pro se litigation materials including the "Constitutional Bill of Rights, Local Rules of Civil Procedure, authorization forms to release contained information also, Prisoner's Litigation Reform Action." Seemingly in response to the Court's March 12, 2012 Order directing Brown to demonstrate that his claims are timely, the submission also suggests that Brown is awaiting documents relevant to his claims, which the Brooklyn Criminal Court has delayed forwarding to him. Finally, the submission claims that Brown was "cut in face" by an "individual" while being transferred. (DE #10.)

As explained further below, due to Brown's failure to receive timely notice of the Court's Orders, the Court stays resolution of Brown's request for reconsideration for thirty (30) days from the date of this Order to allow Brown an opportunity to comply with the requirements of the March 12, 2012 Order. To the extent that Brown is seeking additional relief for the injuries allegedly sustained during his transfer, the Court notes that he should file a separate complaint that sets forth the details of that event because that claim is not properly before the Court in this action.

## DISCUSSION

The Court's dismissal of Brown's claims on April 30, 2012 followed automatically from his failure to timely respond to the Court's March 12, 2012 Order. Although Brown did eventually respond, the Court did not receive the submission until three months after it had already dismissed the case. Based on the Court's mail records, however, the initial mailing to Brown enclosing the Court's March 12, 2012 Order was returned as undeliverable on May 14, 2012—two weeks after the Court had already dismissed the case—as a result of Brown's transfer

2

to a new facility. The initial mailing enclosing the Court's Order and Civil Judgment was likewise returned as undeliverable on June 22, 2012. As a result, Brown did not receive either Order until sometime after June 26, 2012, when both Orders were re-sent to Brown at his new address.

Due to this delay in receiving the Court's Orders, Brown was unable to respond to the Court's March 12, 2012 Order within the thirty days allotted. It is very possible, however, that his August 1, 2012 submission was filed within thirty days of his receipt of that Order, especially when including in this calculation an allowance of a few days under the prison mailbox rule. See Darcelin v. New York, No. 09-CV-5611, 2010 WL 723455, at *1 (E.D.N.Y. Feb. 25, 2010) ("[U]nder the prison mailbox rule, a submission by an imprisoned pro se petitioner is deemed filed on the date it is given to prison officials." (citing Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001)). To be sure, Brown's submission does not meet the requirements set forth in the March 12, 2012 Order, but the Court notes that Brown may have been unsure as to how he should respond since he received the Order dismissing this case at the time.

Although a pro se plaintiff is not relieved of his responsibilities to inform the courts of changes in his address and to stay abreast of the state of his case, due to their restricted liberty, pro se prisoners such as Brown are "entitled to a substantial degree of leniency here under Rule 60(b)." Kearsey v. Williams, No. 99 Civ. 8646, 2004 WL 2093548, at *3 (S.D.N.Y. Sept. 20, 2004); Sacco v. Matter, 154 F.R.D. 35, 37 (N.D.N.Y. 1994) ("While it is clear that plaintiff has neglected his responsibility to keep the district court apprised of his current address, as well as his duty to keep himself apprised of the state of his action, his status as a pro se prisoner gives the court broad discretion to overlook these breaches." (internal citation omitted)); cf. Ruddock v. Reno, 104 Fed App'x 204, 206-07 (2d Cir. 2004) (noting that where a pro se prisoner

3

sufficiently identifies a defendant, marshal's failure to effect service due to an incorrect address constitutes good cause for failing to effect timely service). Accordingly, because of Brown's delayed receipt of this Court's Orders and the resulting lack of clarity as to proper compliance, the Court stays resolution of Brown's motion for reconsideration for thirty (30) days to allow Brown the opportunity to demonstrate that his complaint is timely and to file an amended complaint. The amended complaint must identify proper defendants and provide facts sufficient to allow each defendant to have a fair understanding of what he is complaining about and whether there is a legal basis for recovery and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Court will consider these supplemental documents along with Brown's August 1, 2012 submission in considering whether he meets the strict standard for granting relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure—i.e., whether he has identified either "controlling decisions or data that the court overlooked—matters that might reasonably be expected to alter the conclusion reached by the court." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted). Only where Brown persuades the Court that his complaint is timely and alleges sufficient facts will the Court entertain the possibility of reconsideration.

In allowing Brown to file these additional submissions, the Court cautions him that it is not convinced that he will be able to demonstrate that his claims are not time-barred were he to rely solely on the information he provides in his August 1, 2012 filing. As the Court stated in its March 12, 2012 Order, "[u]nder the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order to 'prevent

inequity.'" In re U.S. Lines, Inc., 318 F.3d 432, 436 (2d Cir. 2003). Courts, however, apply "equitable tolling only in rare and exceptional circumstances, where [they] have found that extraordinary circumstances prevented a party from timely performing a required act, and that the party acted with reasonable diligence throughout the period he [sought] to toll." Walker v. Jastremski, 430 F.3d 560, 564 (2d Cir. 2005) (internal quotation marks and citation omitted). Typically, the statute of limitations is equitably tolled when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired. See Pearl v. City of Long Beach, 296 F.3d 76, 82-83 (2d Cir. 2002). Brown's allegations regarding the Brooklyn Criminal Court's delay in providing him documents relating to his criminal case do not, without further detail and explanation, provide a basis for equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court stays resolution of Brown's request for reconsideration for thirty (30) days from the date of this Order. During this thirty-day period, Brown is directed to show cause why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to 42 U.S.C. § 1983 actions. If Brown is able to make that showing, he must also file an amended complaint setting forth his claims against proper defendants and providing facts sufficient to allow each defendant and the Court to have a fair understanding of what he is complaining about and whether there is a legal basis for recovery. The amended complaint must be submitted within thirty (30) days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Brown is advised that the amended complaint will completely replace the original complaint.

The Court will consider the supplemental documents filed by Brown pursuant to this Order along with Brown's August 1, 2012 submission in considering whether reconsideration under Rule 60(b) is warranted. If Brown files an amended complaint, the Court will also review that document for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A. If Brown fails to submit any additional documents within the time allowed, or to show good cause why he cannot comply with this Order, the Court will evaluate his request for reconsideration on the basis of his August 1, 2012 submission alone.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      November , 2012

/S/ Chief Judge Amon

Carol Bagley Amon
Chief United States District Judge

6