FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 17 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JEFFREY BROWN,

                    Plaintiff,

- against -

THE PRECINCT OF BROOKYLN; NEW
YORK CITY,

                    Defendants.
-----------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
11-CV-06304 (CBA) (CLP)

AMON, Chief United States District Judge.

On December 9, 2011, plaintiff Jeffrey Brown, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging that during his arrest, the arresting officers used excessive force and that he was refused medical treatment for five days. By Order dated March 12, 2012, the Court dismissed Brown's claims against "the precinct of Brooklyn" and New York City as against improper defendants and noted that his claims also appeared to be time-barred. Nevertheless, the Order afforded Brown thirty days to demonstrate why his complaint is timely and directed him to file an amended complaint against proper defendants. (DE #6.) After Brown failed to respond within the allotted time, the Court dismissed the complaint as time-barred on April 20, 2012. (DE #7.)

On August 1, 2012, Brown submitted documents that, to the extent comprehensible, asked the Court for reconsideration of his case. Perhaps in an attempt to explain his delay in filing his complaint, his submission also suggested that he is awaiting documents relevant to his claims, which the Brooklyn Criminal Court has delayed forwarding to him. (DE #10.) Due to a change in address that prevented Brown from receiving timely notice of the Court's Orders, the Court, in an Order dated November 6, 2012, stayed resolution of Brown's request for

1

reconsideration for thirty (30) days to allow Brown an opportunity to comply with the requirements of the March 12, 2012 Order. The Order noted further that the Court would review any supplemental documents filed by Brown, along with his August 1, 2012 submission, in considering whether reconsideration under Rule 60(b) was warranted, but that if he failed to submit any additional documents within the time allowed, the Court would evaluate his request for reconsideration in the basis of his August 1, 2012 submission alone. (DE #11.)

Brown has failed to respond to the Court's November 6, 2012 Order and the time for doing so has passed. Accordingly, the Court reviews Brown's motion for reconsideration based on his August 1, 2012 submission alone.

The standard for granting a motion to reconsider under either Rule 60(b) of the Federal Rules of Civil Procedure or Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is a strict one. Indeed, a district court will generally deny reconsideration unless the moving party can point to either "controlling decisions or data that the court overlooked—matters that might reasonably be expected to alter the conclusion reached by the court." Lora v. O'Heaney, 602 F.3d 106, 111 (2d Cir. 2010) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted).

From what the Court can discern from his August 1, 2012 submission, Brown's sole argument for reconsideration rests on his assertion that he is awaiting documents relevant to his claims, which the Brooklyn Criminal Court has delayed forwarding to him. He has not, however, indicated that these documents would provide any facts or data that would demonstrate the timeliness of his claim, or indeed, shed any light on that issue. His submission, moreover, articulates no other "controlling decisions or data" that would otherwise alter the Court's

conclusion that his complaint is time-barred. The Court notes in addition that any reconsideration of Brown's case would require that Brown file an amended complaint naming proper defendants, a submission that Brown, despite being afforded multiple opportunities to do so, has also failed to provide.

Accordingly, Brown's motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 17, 2012

/S/ Chief Judge Carol B. Amon
_____
Carol Bagley Amon
Chief United States District Judge